**Entered on Docket
May 12, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHARELL CROWDER, No. 07-10848

                           Debtor(s).
_____/

JEFFRY LOCKE, Trustee, et al.,

                           Plaintiff(s),

      v.                                   A.P. No. 07-1092

ROBERT C. KAUFMAN, et al.,

                           Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

       In May of 1998, Chapter 7 debtor and co-plaintiff Charell Crowder purchased a mobile home as her residence. She financed the purchase with a loan of $26,645.25 from defendant Kaufman Family Revocable Living Trust. The note provided for 12 percent interest, which Crowder and Jeffry Locke, the bankruptcy trustee, allege was usurious. By this adversary proceeding, Crowder and Locke seek declaratory relief and damages on account of usury.

       Defendants responded to the complaint by filing motion to dismiss. The court denied, the motion, but

1

agreed to treat the motion as one for summary judgment as permitted by Rule 12(d) of the Federal Rules of Civil Procedure. After a reasonable opportunity to present pertinent material, that motion is now before the court.

Defendants' motion is based on three arguments: that the transaction is exempt from usury laws because it was made or arranged by a broker; that the "time-price" doctrine excludes a claims for usury; and that the "savings clause" in the loan documents operated to reduce the interest rate to the maximum that was not usurious.

There is a factual dispute as to whether the real estate broker involved in the transaction participated sufficiently so that the loan can be considered to be made or arranged by her. There being no undisputed evidence that the broker acted as an intermediary, set the terms of the loan, and structured the loan, summary judgment cannot be granted on this ground. *Gibbo v. Berger*, 123 Cal.App.4th 396, 403 (2004).

There is no evidence that any of the defendants was a seller of the mobile home. At the very least there is a disputed fact as Crowell states in her declaration that a third party was the seller. The time-price doctrine is only applicable to seller financing. Accordingly, summary judgment cannot be granted on this ground.

Defendants are correct in noting that one of the elements plaintiffs must prove is that defendants intended to charge a rate of interest which was usurious. *In re Dominguez*, 995 F.2d 883, 887n2 (9th Cir.1993). The savings clause may be evidence of lack of intent. 995 F.2d at 886-87. However, it is by no means conclusive evidence, especially when the savings clause is generic and not specific to interest. "A savings clause does not preclude, as matter of law, a finding of usury, but is one factor to be considered when determining whether a lender intended to exact usurious interest." 47 **C.J.S.** Interest & Usury § 223. In any event, this is an issue of fact to be determined at trial and cannot be the basis for summary judgment. *In re Dominguez,* 995 F.2d at 887.

For the foregoing reasons, defendant's motion for summary judgment will be denied. Coulse for plaintiffs shall submit an appropriate form of order.

Dated: May 11, 2008

2

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3